# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SHEKITA T. MAXWELL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-572 (MTT) |
| MEGAN J. BRENNAN, | ) |
| Defendant. | ) |

## ORDER

Plaintiff Shekita T. Maxwell has filed an application to appeal *in forma pauperis* (IFP). Doc. 29. Maxwell seeks to appeal the judgement in favor of the Defendants entered on May 4, 2018. Doc. 46. For the reasons stated herein, Maxwell's motion to appeal IFP is **GRANTED**.

Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915(a) provides

> (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted).

Similarly, Fed. R. App. P. 24(a) provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.
>
> (2) . . . If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed IFP. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Next, the Court must determine if the plaintiff has satisfied the good faith requirement.

Maxwell submitted a financial affidavit accompanying her motion for leave to appeal IFP. Doc. 29. Maxwell claims a monthly income, over the past 12 months, of $3,462, which would be $41,544 annually, and that she expects an income next month of $3,062, which, if continued, would be $36,744 annually. *Id.* at 1-2. Maxwell supports three dependents: her three daughters. *Id.* at 3. Although Maxwell's expected annual income exceeds the poverty guideline of $25,100, her stated monthly expenses, $4,040, exceed her monthly income.[2] *Id.* at 5. Accordingly, the Court cannot find that Maxwell is financially able to pay the filing fee.

Next, the Court must determine whether Maxwell meets the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v.*

---

[2] Annual Update of the HHS Poverty Guidelines, 83 Fed. Reg. 2462-01 (January 18, 2018).

*United States*, 369 U.S. 438, 445 (1962). A party demonstrates good faith when she seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'" (citations omitted)). Here, Maxwell seeks to appeal the Court's grant of summary judgment in favor of the Defendant. Doc. 29 at 1. The Court finds that there are non-frivolous issues present in this case. Thus, Maxwell meets the good faith requirement.

Consequently, Maxwell's application to appeal IFP (Doc. 29) is **GRANTED**.

**SO ORDERED**, this 5th day of June, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT